UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

v.

Andri Pimental Arias

Civil No. 24-cr-99-LM-TSM-6
Opinion No. 2026 DNH 115 P

**O R D E R**

Defendant Andri Pimental Arias is charged with one count of conspiracy to distribute and possess with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), and 846. Trial is scheduled for the two-week period beginning September 15, 2026. On August 24, 2026, Pimental Arias filed a motion to dismiss, contending that venue is improper in the District of New Hampshire. Doc. no. 273. The government objects. Doc. no. 279. For the following reasons, Pimental Arias's motion (doc. no. 273) is denied.

**STANDARD OF REVIEW**

Rule 12 of the Federal Rules of Criminal Procedure[1] provides that a defendant may move to dismiss an indictment on the basis of "a defect in instituting

[1] Pimental Arias purports to bring his motion under Federal Rule of Criminal Procedure 18, which provides in pertinent part: "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. However, Rule 18 does not provide a mechanism by which a criminal defendant may challenge venue pretrial. Pimental

the prosecution," including for "improper venue." Fed. R. Crim. P. 12(b)(3)(A). However, a venue-based pretrial motion to dismiss may be granted only where resolution of the venue issue "can be determined without a trial on the merits." Id. Rule 12 only permits courts to test the sufficiency of the indictment's allegations; it does not allow consideration of evidence intended to challenge the factual accuracy of those allegations. 1A Wright & Miller's Federal Practice & Procedure § 195 (5th ed.); accord, e.g., United States v. Lin, Crim. No. 22-CR-10279-AK-11, 2025 WL 641371, at *3 (D. Mass. Feb. 27, 2025) ("[M]otions to dismiss indictments based on disputed facts, or challenging the sufficiency of the evidence, should be denied." (citations omitted)). Thus, when ruling on a motion to dismiss brought under Rule 12, "the 'allegations of the indictment must be taken as true.'" United States v. Razo, No. 1:11-cr-00184-JAW, 2012 WL 5874667, at *5 (D. Me. Nov. 20, 2012) (quoting Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 343 n.16 (1952)). "The government's burden is satisfied with regard to pleading venue by alleging that criminal conduct occurred within the venue." United States v. Abbas, Crim. No. 20-10016-LTS, 2021 WL 784095, at *2 (D. Mass. Mar 1, 2021), vacated in part on other grounds, 100 F.4th 267 (1st Cir. 2024).

---

Arias's motion is more properly construed as pursuant to Rule 12, which does permit (and in some cases, requires) defendants to challenge venue via a pretrial motion.

## DISCUSSION

Judged against the applicable standard of review, Pimental Arias's motion fails. The operative indictment alleges that the conspiracy offense with which Pimental Arias is charged took place "in the Districts of New Hampshire, Massachusetts, and elsewhere." Doc. no. 225 at 1. As Pimental Arias recognizes in his motion, Congress enacted 18 U.S.C. § 3237(a) "[t]o deal with continuing offenses such as conspiracy." Doc. no. 273 at 3 (quoting United States v. Uribe, 890 F.2d 554, 558 (1st Cir. 1989)). That statute provides that, for any offense against the United States "committed in more than one district," venue is proper "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Thus, for a conspiracy charge, "a trial may be held 'where any part' of [the] crime 'can be proved to have been done,'" including "any State in which any co-conspirator took any overt act in furtherance of the" conspiracy. Smith v. United States, 599 U.S. 236, 244 (2023) (quoting United States v. Rodriguez-Moreno, 526 U.S. 275, 281 (1999)). Because the indictment alleges that the relevant offense at least partially took place in New Hampshire, the indictment sufficiently alleges venue.

Pimental Arias's motion ignores the facial sufficiency of the indictment's allegations. Instead, the motion seeks dismissal on the asserted ground that "[t]he Government cannot establish that venue in New Hampshire is proper," or that "[t]he government cannot prove" venue. Doc. no. 273 at 3-4. However, "the criminal rules do not provide a mechanism akin to summary judgment." United States v. Brissette, No. 16-cr-10137-LTS, 2018 WL 1093500, at *2 (D. Mass. Feb. 28, 2018).

When challenged, "[v]enue is a fact that must be proved at the trial"; it is "a question of fact for the jury." Wright & Miller, supra § 307; accord 4 Wayne R. LaFave et al., Criminal Procedure § 16.1(g) (4th ed.) ("In the federal system and the vast majority of the states, venue is not simply a prerequisite that the defendant may choose to challenge pretrial; it is viewed as part of the case that the prosecution must prove at trial." (footnotes omitted)); United States v. Snipes, 611 F.3d 855, 865 (11th Cir. 2010) ("It is by now well-settled that venue is an essential element of the government's proof at trial."). If Pimental Arias wishes to challenge the sufficiency of the government's proof of venue, he must do so at trial.

Even assuming Pimental Arias's contentions are properly raised at this juncture, they fail on the merits. Pimental Arias contends that his alleged involvement in the conspiracy encompassed only Massachusetts-based acts. He asserts that venue is improper in New Hampshire unless the government can demonstrate that he knew of the conspiracy's actions in New Hampshire. Pimental Arias cites no authority for this proposition, and the court is unaware of any such authority. To the contrary, the Supreme Court recently reiterated that venue is proper with respect to a conspiracy charge "in any State in which any co-conspirator took any overt act in furtherance of the" conspiracy. Smith, 599 U.S. at 244. This is true even when there is "no evidence that the defendant had ever entered that district." Rodriguez-Moreno, 526 U.S. at 282. Pimental Arias does not assert that the government will be unable to prove that a co-conspirator committed one or more overt acts in New Hampshire. See United States v. Santiago, 83 F.3d 20, 25 (1st

Cir. 1996) ("The actuation of a drug distribution conspiracy culminates in the sale and delivery of the controlled substance. Thus, any place in which the culmination occurs provides a lawful venue for the prosecution of the offense.").

Pimental Arias attempts to support his position by citing the First Circuit's opinions in United States v. Valenzuela, 849 F.3d 477 (1st Cir. 2017), and Santiago, 83 F.3d at 20. Neither opinion supports Pimental Arias's argument. In Valenzuela, the First Circuit affirmed the sufficiency of the evidence at trial to show that venue was proper in New Hampshire despite the fact the defendant did not personally engage in any acts here. 849 F.3d at 487-88. Pimental Arias contends that Valenzuela's holding rests on evidence that the defendant was aware of the conspiracy's New Hampshire activities. To the contrary, the Circuit expressly held that evidence of venue was sufficient "because an overt act in furtherance of the conspiracy . . . clearly took place in" New Hampshire, and affirmed that venue is proper in a conspiracy case "in any district in which an act in furtherance of the charged conspiracy has taken place." Id. (quoting Santiago, 83 F.3d 25).

Santiago is of no assistance to Pimental Arias either. There, the First Circuit held that the defendant waived his right to contest on appeal the propriety of venue in the District of Maine by both consenting to transferring his case to that District and by failing to contest venue at trial. Santiago, 83 F.3d at 24. In the alternative, the Circuit held that the defendant's venue challenge failed on the merits because his co-conspirator committed a "single, overt act . . . in Maine," which was "itself sufficient to sustain venue in the District of Maine." Id. at 25. While the Circuit also

observed that members of the conspiracy distributed drugs "to Maine residents knowing that it would be introduced into Maine and consumed there," the holding in no way rests upon this observation.

## CONCLUSION

The motion to dismiss (doc. no. 273) is denied. Trial remains scheduled for the two-week period beginning September 15, 2026.

SO ORDERED.

Landya McCafferty
United States District Judge

August 31, 2026

cc: Counsel of Record